UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

KAREN J. MELENDEZ,

  Plaintiff,

v.

RESIDENCES AT 107 AVE., INC.

  Defendant,

_____/

## **COMPLAINT**

  The Plaintiff KAREN J. MELENDEZ, by and through undersigned counsel, hereby sues Defendant RESIDENCES AT 107 AVE., INC., on the grounds set forth herein.

### INTRODUCTION

1. This is an action by Plaintiff KAREN J. MELENDEZ, under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e et seq. the Pregnancy Discrimination Act amendment, 42 U.S.C.A. § 2000e(k); and the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760, to redress the injury done to Plaintiff by the Defendant based on her Sex and Pregnancy.

2. This is an action for damages brought in excess of $15,000.00, exclusive of interest, attorney's fees, and costs.

### JURISDICTION AND VENUE

3. This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e et seq. and the Pregnancy Discrimination Act amendment,

42 U.S.C.A. § 2000e(k) (PDA); and under the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760.

4. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and §1343. Plaintiff invokes this Court's supplemental and pendant jurisdiction over Plaintiff's state law claims because they arise out of the same nucleus of operative facts as the federal Case, and pursuant to and §1343.

5. The venue of this action is properly placed in the Southern District of Florida, Miami Division, pursuant to 28 U.S.C. §1391(b), since the employment practices hereafter alleged to be unlawful, were committed in Miami-Dade County, within the jurisdiction of this Honorable Court.

<u>PARTIES</u>

6. Plaintiff KAREN J. MELENDEZ is a resident of Miami-Dade County, who was employed by Defendant RESIDENCES AT 107 AVE., INC. Plaintiff is a member of certain protected classes of persons.

7. Corporate Defendant RESIDENCES AT 107 AVE., INC.  (hereinafter RESIDENCES AT 107 AVE., or Defendant), is a Florida corporation conducting business in Miami-Dade County, Florida, and within the jurisdiction of this Honorable Court.

8. During all relevant times Defendant RESIDENCES AT 107 AVE. has continuously been an employer engaged in an industry affecting commerce, within the meaning of Section 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

9. At all relevant times Defendant RESIDENCES AT 107 AVE. has continuously employed 15 or more persons.

PROCEDURAL REQUIREMENTS

10. All conditions precedent for this action has been fulfilled. On or about September 20, 2018, Plaintiff KAREN J. MELENDEZ dual-filed her Charge of Discrimination with the EEOC, and with the Florida Commission on Human Relations within 300 days of the alleged violation. To date, over six (6) months have passed since the filing of the complaints.   On or about September 02, 2020, the U.S. Equal Employment Opportunity Commission, issued to Plaintiff a "Dismissal and Notice of Rights" with respect to such charge of discrimination.

11. The mentioned document was received by the Plaintiff on or about September 09, 2020. Consequently, the present Complaint is being filed within 90 days from the Plaintiff's receipt of the "Dismissal and Notice of Rights" *See composite Exhibit "A."*

STATEMENT OF FACTS

12. Plaintiff KAREN J. MELENDEZ is a  42 years old female, member of a protected class under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e et seq. and the Pregnancy Discrimination Act amendment, 42 U.S.C.A. § 2000e(k) (PDA); and under the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760, because of her Sex, Pregnancy, and because of her participation in protected activities within the meaning of Federal and State law.

13. Defendant RESIDENCES AT 107 AVE. is a real estate and property management company that owns and manages multiple residential apartment buildings for rent. The Plaintiff worked at Tree Top Apts, located at 8520, SW 107 Avenue.

14. Defendant RESIDENCES AT 107 AVE. employed Plaintiff KAREN J. MELENDEZ from approximately February 10, 2017, to June 09, 2018, or 1 year plus 4 months (69 weeks).

15. The Plaintiff was hired as a full-time administrative clerk. Plaintiff duties consisted of collecting rent payments, handling leasings, and renewals, answering telephones, and general property management office work.

16. Plaintiff was paid at the wage-rate of $9.00 an hour.

17. Throughout her employment with the Defendant, the Plaintiff performed her duties in an exemplary fashion.  The Plaintiff possessed all the required skills, training, and qualifications for the job in question, and performed her duties without significant issue or controversy.

18. However, everything changed for Plaintiff around January 2018, when Plaintiff informed her manager Maria Yanez that she was 12 weeks pregnant.

19. Since that moment Defendant began to discriminate against Plaintiff because of her pregnancy.

20. Manager Maria Yanez changed her friendly treatment towards Plaintiff and gave her a cold attitude. The manager began to distance herself from the Plaintiff, especially when Plaintiff had to attend regular medical appointments, even though, Plaintiff tried to use her days off for prenatal care checkups.

21. On or about March 2018, manager Maria Yanez informed Plaintiff that the owner of the company, Mrs. Belinda Meruelo did not want any women with babies working for the company because babies always get sick and that Mrs. Belinda Meruelo thought that she would begin missing too many days of work.

22. Plaintiff continued working, but she felt unwelcome and isolated.  Plaintiff knew immediately that the reason for this hostile treatment was her pregnancy.

23. Manager Maria Yanez reminded Plaintiff several times that Mrs. Belinda Meruelo exhibited prejudice against women, maternity, and childbearing issues, and that Mrs. Belinda Meruelo would not allow Plaintiff to return to work after having a baby.

24. On or about May 01, 2018, Plaintiff was able to request, her maternity leave tentatively from June 19, 2018, to September 10, 2018, but she did not receive any answer or approval.

25. The Plaintiff needed her job, and she planned to work until a date very close to her delivery date. Thus, the Plaintiff had to endure the discriminatory treatment applied to her by her superiors, persons with the power to hire and fire, as a condition for continued employment.

26. The Plaintiff did her best to keep her employment while being pregnant and expected Defendant to respect her right to return to work after her maternity leave, exactly as Defendant allowed to at least 3 co-workers, who kept their employment after a temporary disability.

27. The repeated threats of firing due to her pregnancy and intent to take maternity leave constituted harassment based on being a pregnant female. The unlawful conduct of Defendant created for Plaintiff a hostile working environment that deteriorated the Plaintiff's working conditions and caused her great mental distress, anguish, and embarrassment. Plaintiff did not know what to do.

28. On or about May 04, Plaintiff called the 1-800 hotline of Engage PEO, who is the payroll and Human Resources provider of Defendant. Plaintiff complained about

Pregnancy Discrimination and told them she felt that she was going to get fired because of her pregnancy and that she was told many times she would not be allowed to return to work after her maternity leave.  Plaintiff requested to keep her complaint confidential because she would be retaliated against if Defendant found out that she was complaining about Pregnancy Discrimination. Engage PEO recorded the conversation and promised Plaintiff to keep it anonymous.

29. This complaint constituted protected activity under Title VII, and The Pregnancy Discrimination Act (PDA), and the FCRA, Chapter 760.

30. The next day, Engage PEO called manager Maria Yanez and informed her about the Plaintiff's Pregnancy Discrimination complaint.

31. At the same time, within the scope of her functions, Plaintiff discovered some e-mails regarding her.  It was a conversation between manager Maria Yanez and a relative of Mrs. Belinda Meruelo, they were trying to find an excuse to fire Plaintiff.

32. During the following weeks, Plaintiff's working conditions deteriorated even more. Plaintiff was subjected to work scrutiny and surveillance, and her work was audited looking for any good reason to fire her.

33. The undue stress caused Plaintiff to feel sick, but she continued her work. Nevertheless, the Plaintiff went into labor earlier. The Plaintiff went to work the last time on Saturday, June 09, 2018, she was admitted to the hospital on Sunday, June 10, 2018, and the next day, she underwent an emergency C-section to deliver her baby. It was a happy event for the Plaintiff, she and the baby were healthy, everything was normal, and she did not anticipate any childbirth complications.

34. Plaintiff notified Defendant about her child's birth the same day, on Monday, June 11, 2018.

35. On July 11, 2018, the Plaintiff got a Verification of Employment/Loss of Income from Defendant, and Plaintiff felt happy because the papers stated that she had a job and that she was on temporary leave. Plaintiff thought for the first time, that she had a confirmation that her maternity leave had been approved and that her employment was waiting for her.

36. On or about August 30, 2018 manager Maria Yanez texted Plaintiff to remind her that her maternity leave was over on September 10, 2018. Plaintiff answered that she was ready to begin on that date or earlier, if necessary.

37. On September 07, 2018, manager Maria Yanez informed Plaintiff that before she goes back to work, the owner Mrs. Belinda Meruelo wanted to meet her on September 17, 2018, at 11:30 AM.

38. On September 17, 2018, as required by the Defendant, Plaintiff met with Mrs. Belinda Meruelo, who informed the Plaintiff that her position had already been filled by someone else and that she was fired.

39. The Plaintiff was in shock, and in complete disbelief as to how she was being treated due to her pregnancy and childbirth and left the place crying.

40. On or about September 17, 2018, the Plaintiff was terminated due to her past pregnancy and childbirth, and in retaliation for using her protected maternity leave rights and her complaint about Pregnancy Discrimination.

41. At the time of termination from employment, the Plaintiff did perform and excel at

the performance of the essential functions assigned to her by Defendant and the sole apparent reason for the termination of Plaintiff's employment was Plaintiff's pregnancy and related maternity leave, as Plaintiff was entitled to do under Federal and State Law.

42. Therefore, On or about September 17, 2018, Plaintiff KAREN J. MELENDEZ was terminated, and the Defendant's termination of Plaintiff was directly and proximately caused by Defendant's unjustified discrimination and harassment against Plaintiff because of her pregnancy and childbirth, for using her protected maternity leave rights, and in retaliation for her complaint about Pregnancy Discrimination. The Defendant's actions were in violation of both, Federal and State Laws.

43. Because of the actions of the Defendant, Plaintiff has been damaged.  In that, the Plaintiff has suffered serious economic losses, lost wages, and has she suffered mental pain and emotional distress.

44. The Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages because of the Defendant's discriminatory practices, unless and until this Court grants relief.

45. The actions of the Defendant RESIDENCES AT 107 AVE., and or its agents were willful, wanton, intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights thus, entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such actions in the future.

46. Defendant RESIDENCES AT 107 AVE. is subjected to vicarious liability for the actions of its agents because it failed to take adequate remedial measures to halt the discrimination, harassment, and retaliation to which the Plaintiff was subjected to

despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

47. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees and costs.

**COUNT I:**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C.A. §§ 2000E ET SEQ. AND THE PREGNANCY DISCRIMINATION ACT AMENDMENT, 42 U.S.C.A. § 2000E(K)**

48. Plaintiff KAREN J. MELENDEZ re-adopts every factual allegation as stated in paragraphs 1-47 above as if set out in full herein.

49. The Discrimination, Harassment, and discharge of the Plaintiff by Defendant were caused by Plaintiff's pregnancy.

50. The Defendant's decision to discriminate and to take adverse actions against Plaintiff was because of Plaintiff's physical condition of being pregnant.

51. At all relevant times, including the time of termination, the Defendant was aware that Plaintiff was pregnant.

52. At the time of termination from employment, the Plaintiff did perform and excel at the performance of the essential functions assigned to her by the Defendant.

53. The Plaintiff was well qualified for the position apart from her pregnancy.

54. The Plaintiff was discriminated, harassed, and then discharged by her superiors because she was pregnant and because she intended to take maternity leave.

55. The fact that Plaintiff was pregnant was the motivating factor in the selection of Plaintiff for discharge, as the Defendant was looking to staff its positions with someone without pregnancy hindering work performance.

56. The Defendant is a sophisticated employer who has actual knowledge of the requirements of the Pregnancy Discrimination Act (PDA).

57. The failure of the Defendant to adhere to the mandates of the PDA was willful and its violations of the provisions of the PDA were willful.

58. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of her pregnancy in violation of The Pregnancy Discrimination Act, with respect to its decision to discharge Plaintiff from employment.

59. The Plaintiff's termination from employment by Defendant was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because she was pregnant in violation of the PDA.

60. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses, as well as mental pain and suffering.

61. Any alleged nondiscriminatory reason for termination of Plaintiff asserted by Defendant is a mere pretext for the actual reason for termination, Plaintiff's pregnancy.

62. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to their sex and pregnancy.

63. Discrimination based on pregnancy also constitutes unlawful sex discrimination.

64. Defendant RESIDENCES AT 107 AVE. is subjected to vicarious liability for the actions of its agents because it failed to take adequate remedial measures to halt the discrimination, harassment, and retaliation to which the Plaintiff was subjected to despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

65. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees and costs.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff KAREN J. MELENDEZ respectfully requests that this court order the following:

A.  Grant a permanent injunction enjoining Defendant RESIDENCES AT 107 AVE., its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates based on Pregnancy.

B.  Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position.

C.  Reinstate full fringe benefits and seniority rights to Plaintiff.

D.  Order Defendant RESIDENCES AT 107 AVE. to make Plaintiff KAREN J. MELENDEZ whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest, and other remuneration for mental pain, anguish, pain and humiliation resulting from the employment discrimination suffered.

E.  Award a money judgment representing prejudgment interest.

F.  Award any other compensation allowed by law including punitive damages,

G.  Award attorney's fees and costs.

<u>JURY TRIAL DEMAND</u>

Plaintiff KAREN J. MELENDEZ demands a trial by jury on all issues triable as of right by a jury.

**<u>COUNT II:</u>**
**<u>VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42</u>**
**<u>U.S.C.A. §§ 2000E ET SEQ. AND THE PREGNANCY DISCRIMINATION</u>**
**<u>ACT AMENDMENT, 42 U.S. § 2000e-2: RETALIATION</u>**

66. Plaintiff KAREN J. MELENDEZ re-adopts every factual allegation as stated in paragraphs 1-47 above as if set out in full herein.

67. Plaintiff is a member of a protected class under Title VII of The Civil Rights Act of 1964, 42 U.S.C.A. ET SEQ., and The Pregnancy Discrimination Act Amendment, 42 U.S.C.A. § 2000e(k) because of her Sex and Pregnancy, and because of her participation in protected activities within the meaning of the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2].

68. Defendant RESIDENCES AT 107 AVE. employed Plaintiff KAREN J. MELENDEZ from approximately February 10, 2017, to June 09, 2018, or 1 year plus 4 months (69 weeks).

69. At all times material hereto, the Employer/Defendant RESIDENCES AT 107 AVE. failed to comply with the Pregnancy Discrimination Act (PDA), and the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], Section 704(a), which makes it unlawful for an employer to retaliate against an individual "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing *under this subchapter*."  42 U.S.C. § 2000e-3(a) (emphasis added).

70. On or about January 2018, Plaintiff informed her manager Maria Yanez that she was 12 weeks pregnant.

71. After Plaintiff announced her pregnancy, manager Maria Yanez told Plaintiff repeatedly that the owner of the business Mrs. Belinda Meruelo did not like women with babies.

72. The Plaintiff was harassed with threats of termination if she took 3 months of maternity leave.

73. This repeated harassing and unlawful conduct of Defendant created for Plaintiff a hostile working environment that deteriorated the Plaintiff's working conditions and caused her great mental distress and embarrassment.

74. On or about May 01, 2018, Plaintiff was able to request, her maternity leave from June 19, 2018, to September 10, 2018, but she did not receive any answer or approval.

75. On or about May 04, 2018, Plaintiff called the 1-800 hotline of Engage PEO, who is the payroll and Human Resources provider of Defendant. Plaintiff complained about Pregnancy Discrimination and told them that she felt that she was going to get fired because she was pregnant, and she would not be allowed to return to work after her maternity leave.

76. This complaint constituted protected activity under Title VII, and The Pregnancy Discrimination Act (PDA).

77. The next day, Engage PEO called manager Maria Yanez and informed her about the Plaintiff's Pregnancy Discrimination complaint.

78. During the following weeks, Plaintiff's working conditions deteriorated even more. In retaliation to her Discrimination complaint, Plaintiff was subjected to work scrutiny and surveillance, and her work was audited looking for excuses to fire her.

79. The undue stress caused Plaintiff to feel sick, but she continued her work. Nevertheless, the Plaintiff went into labor earlier. The Plaintiff went to work the last time on Saturday, June 09, 2018, she had her baby on June 11, 2018.

80. Plaintiff notified the Defendant about the childbirth and initiated her maternity leave period.

81. On September 07, 2018, manager Maria Yanez informed Plaintiff that before she goes back to her position, the owner Mrs. Belinda Meruelo wanted to meet her on September 17, 2018, at 11:30 AM.

82. Plaintiff met with Mrs. Belinda Meruelo, who informed the Plaintiff that her position had already been filled by someone else and that she was fired.

83. The Plaintiff was ready to return to work after her protected maternity leave when Defendant fired her.  The Plaintiff was unable to enjoy the benefits of her protected rights under Federal and State law.

84. On or about September 17, 2018 Plaintiff was terminated due to her past pregnancy and childbirth, for using her protected maternity leave rights, and in retaliation for her complaint about Pregnancy Discrimination.

85. At the time of termination from employment, the Plaintiff did perform and excel at the performance of the essential functions assigned to her by Defendant and the sole apparent reason for the termination of Plaintiff's employment was Plaintiff's pregnancy and related maternity leave, as Plaintiff was entitled to do under Federal Law.

86. There was no reason other than Pregnancy Discrimination and retaliation to terminate Plaintiff.

87. Any alleged nondiscriminatory reason for terminating Plaintiff asserted by the Defendant is a mere pretext for the actual reasons for termination, Plaintiff's Pregnancy, and associated maternity leave.

88. Defendant RESIDENCES AT 107 AVE. is a sophisticated employer who has actual knowledge of the requirements of The Pregnancy Discrimination Act (PDA), and Title VII of the Civil Rights Act of 1964, as amended, and specifically of Section 704(a) of the Act, which specifically makes it unlawful to retaliate against employees who oppose or participate in statutorily protected activity.

89. Defendant RESIDENCES AT 107 AVE. through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, retaliated against Plaintiff KAREN J. MELENDEZ on account of Plaintiff's pregnancy and maternity leave.

90. Retaliation based on having engaged in a protected activity constitutes unlawful retaliation within the meaning of Title VII and the PDA.

91. Defendant RESIDENCES AT 107 AVE. is subjected to vicarious liability for the actions of its agents because it failed to take adequate remedial measures to halt the discrimination, harassment, and retaliation to which Plaintiff was subjected to, despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

92. As a result of the Retaliation, Plaintiff KAREN J. MELENDEZ has incurred substantial monetary losses and has suffered emotional distress, embarrassment, and humiliation.

93. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees and costs.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff KAREN J. MELENDEZ respectfully requests that this court order the following:

A.  Grant a permanent injunction enjoining Defendant RESIDENCES AT 107 AVE., its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which constitutes unlawful retaliation for having engaged in protected activity, and;

B.  Reinstate Plaintiff KAREN J. MELENDEZ to the same position she held before the retaliatory personnel action, or to an equivalent position;

C.  Reinstate full fringe benefits and seniority rights to Plaintiff;

D.  Order Defendant RESIDENCES AT 107 AVE. to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest, and other remuneration for mental pain, anguish, pain and humiliation due to the discrimination of Plaintiff and due to the retaliatory discharge;

E.  For a money judgment representing prejudgment interest;

F.  Award any other compensation allowed by law including compensatory damages, punitive damages, and attorneys' fees and costs.

<u>JURY TRIAL DEMAND</u>

Plaintiff KAREN J. MELENDEZ demands a trial by jury on all issues triable as of right by a jury.

**<u>COUNT III:</u>**
**<u>VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992 CHAPTER 760: DISCRIMINATION BASED ON SEX</u>**

94. Plaintiff KAREN J. MELENDEZ re-adopts every factual allegation as stated in paragraphs 1-47 and above as if set out in full herein.

95. At all times material hereto, the Employer/Defendant RESIDENCES AT 107 AVE. failed to comply with the Florida Civil Rights Act of 1992 [Florida Statutes Section 760.10] which states,

   "*It is an unlawful employment practice for an employer: To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race*, color, *religion, sex, national origin, age, handicap, or marital status*"

96. The discrimination of Plaintiff KAREN J. MELENDEZ by Defendant RESIDENCES AT 107 AVE. was caused by the Defendant being aware of Plaintiff's Sex and Sex-related Pregnancy.

97. The Defendant's decision to discriminate against Plaintiff was because of Plaintiff's Sex and Sex-related Pregnancy.

98. At all relevant times, including the time of discrimination, Defendant RESIDENCES AT 107 AVE. was aware that Plaintiff KAREN J. MELENDEZ belonged to a protected group.

99. At the time of the unlawful discrimination, the Plaintiff did perform and excel at the performance of the essential functions assigned to her by the Defendant.

100.   The Plaintiff was qualified for the position apart from her apparent Sex and related Pregnancy.

101.   The Plaintiff was discriminated against by Defendant RESIDENCES AT 107 AVE. because the Plaintiff was a pregnant female.

102.   The Defendant is a sophisticated employer who has actual knowledge of the requirements of the Florida Civil Rights Act, Chapter 760.

103.    The failure of Defendant RESIDENCES AT 107 AVE. to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

104.    Defendant RESIDENCES AT 107 AVE., through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's State protected rights, discriminated against Plaintiff on account of her Sex, in violation of the Act with respect to its decision to treat Plaintiff different from other employees.

105.    Plaintiff KAREN J. MELENDEZ was discriminated, harassed, and discharged by the Defendant RESIDENCES AT 107 AVE., and Plaintiff's termination from employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of Plaintiff's Sex and related pregnancy.

106.    As a direct and proximate result of the Defendant's intentional conduct, the Plaintiff suffered serious economic losses as well as mental anguish, humiliation, pain, and suffering.

107.    Any alleged nondiscriminatory reason for the termination of the Plaintiff's employment asserted by Defendant RESIDENCES AT 107 AVE., is a mere pretext for the actual reasons for the termination from employment, Plaintiff's Sex and Sex-related pregnancy.

108.    The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to their Sex. Discrimination based on Sex constitutes unlawful discrimination in violation of the Florida Civil Rights Act, Chapter 760.

109.    Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees and costs.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff KAREN J. MELENDEZ respectfully requests that this court order the following:

A.   Grant a permanent injunction enjoining Defendant RESIDENCES AT 107 AVE. its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates based on Sex;

B.   Reinstate Plaintiff to the same position held before the retaliatory personnel action, or to an equivalent position;

C.   Reinstate full fringe benefits and seniority rights to Plaintiff;

D.   Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest, and other remuneration for mental pain, anguish, pain, and humiliation;

E.   For a money judgment representing prejudgment interest;

F.   Award any other compensation allowed by law including punitive damages, attorney's fees (448.104), and further demands a trial by jury on all issues so triable.

<u>JURY TRIAL DEMAND</u>

Plaintiff KAREN J. MELENDEZ demands a trial by jury on all issues triable as of right by a jury.

**<u>COUNT IV:</u>**
**<u>VIOLATION OF FLORIDA CIVIL RIGHTS ACT,</u>**
**<u>CHAPTER 760, FLORIDA STATUTES; RETALIATION</u>**

110.   Plaintiff KAREN J. MELENDEZ re-adopts every factual allegation as stated in paragraphs 1-47 and 94-111 of this Complaint as if set out in full herein.

111.    This is an action against Defendant RESIDENCES AT 107 AVE. for unlawful retaliation under the Florida Civil Rights Act, Chapter 760, Fla. Stat., (FCRA).

112.    The FCRA contains an anti-retaliation provision, forbidding employers from retaliating, or from taking adverse personnel action against, those employees who exercise their lawful and protected rights under the Act.

113.    The FCRA, *Fla. Stat. Section 760.10,* (7) reads in applicable part, as follows:

*"It is an unlawful employment practice for an employer, an employment agency, a joint labor-management committee, or a labor organization to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this section".*

114.    Plaintiff KAREN J. MELENDEZ is a member of a protected class under Title VII and the Florida Civil Rights Act because of her Sex, and because of her participation in protected activities within the meaning of the Florida Civil Rights Act.

115.    Defendant RESIDENCES AT 107 AVE. employed Plaintiff KAREN J. MELENDEZ from approximately February 10, 2017, to June 09, 2018, or 1 year plus 4 months (69 weeks).

116.    On or about January 2018, Plaintiff informed her manager Maria Yanez that she was 12 weeks pregnant.

117.    After Plaintiff announced her pregnancy, manager Maria Yanez told Plaintiff repeatedly that the owner of the business Mrs. Belinda Meruelo did not like women with babies.

118.  The Plaintiff was harassed with threats of termination because she was pregnant. Plaintiff was told repeatedly that she would not be able to return to work after her maternity leave.

119.  This repeated harassing and unlawful conduct of Defendant created for Plaintiff a hostile working environment that caused her great mental distress and embarrassment.

120.  On or about May 01, 2018, Plaintiff was able to request, her maternity leave tentatively from June 19, 2018, to September 10, 2018, but she did not receive approval or any answer.

121.  On or about May 04, 2018, Plaintiff called the 1-800 hotline of Engage PEO, who is the payroll and Human Resources provider of Defendant. Plaintiff complained about Pregnancy Discrimination and told them that she felt that she was going to get fired because she was pregnant, and she would not be allowed to return to work after her maternity leave.

122.  This complaint constituted protected activity under Title VII, and The Pregnancy Discrimination Act (PDA).

123.  The next day, Engage PEO called manager Maria Yanez and informed her about the Plaintiff's complaint.

124.  During the following weeks, Plaintiff's working conditions deteriorated even more. In retaliation to her Discrimination complaint, Plaintiff was subjected to work scrutiny and surveillance, and her work was audited looking for excuses to fire her.

125.  The undue stress caused Plaintiff to feel sick, but she continued her work. Nevertheless, the Plaintiff went into labor earlier. The Plaintiff went to work the last time on Saturday, June 09, 2018, and she had her baby on Monday, June 11, 2018.

126.    Plaintiff notified the Defendant about the childbirth and initiated her maternity leave period.

127.    On September 07, 2018, manager Maria Yanez informed Plaintiff that before she goes back to work, the owner Mrs. Belinda Meruelo wanted to meet her on September 17, 2018, at 11:30 AM.

128.    Plaintiff met with Mrs. Belinda Meruelo, who informed the Plaintiff that her position had already been filled by someone else and that she was fired.

129.    The Plaintiff was ready to return to work after her protected maternity leave when Defendant fired her.  The Plaintiff was unable to enjoy the benefits of her protected rights under Federal and State law.

130.    On or about September 17, 2018, Plaintiff was terminated due to her past pregnancy and childbirth, for using her protected maternity leave rights, and in retaliation for her complaint about Pregnancy Discrimination.

131.    At the time of termination from employment, the Plaintiff did perform and excel at the performance of the essential functions assigned to her by Defendant and the sole apparent reason for the termination of Plaintiff's employment was Plaintiff's pregnancy and related maternity leave, as Plaintiff was entitled to do under Federal and State Law.

132.    There was no reason other than Pregnancy Discrimination and retaliation to terminate Plaintiff.

133.    On or about September 17, 2018, Plaintiff was fired by the Defendant, and Plaintiff's termination was directly and proximately caused by Defendant's unjustified Discrimination and Retaliation against Plaintiff because of her complaints of unlawful

Sex and sex-related Pregnancy Discrimination, and harassment in violation of the Florida Civil Rights Act, Chapter 760, Fla. Stat., (FCRA).

134.    As a direct and proximate result of the Defendant's intentional conduct, Plaintiff KAREN J. MELENDEZ suffered serious economic losses as well as mental pain and suffering.

135.    Any alleged nondiscriminatory reason for terminating Plaintiff asserted by the Defendant is a mere pretext for the actual reasons for termination, Plaintiff's complaints of Sex-related Pregnancy discrimination, and harassment.

136.    The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to their Sex, and retaliation due to her complaints of unlawful discrimination.  Retaliation based on having engaged in a protected activity constitutes unlawful retaliation.

137.    Defendant RESIDENCES AT 107 AVE. is subjected to vicarious liability for the actions of its agents because it failed to take adequate remedial measures to halt the discrimination, harassment, and retaliation to which Plaintiff was subjected to, despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

138.    As a direct and proximate result of the actions and omissions of Defendant, Plaintiff KAREN J. MELENDEZ has suffered substantial monetary losses and has suffered emotional distress, embarrassment, and humiliation, as well as the violation of her statutory rights.

139.    Plaintiff KAREN J. MELENDEZ has not a plain, adequate, or complete remedy at law.  The Plaintiff is still suffering and will continue to suffer, extreme emotional

distress, emotional pain, mental anguish and humiliation, loss of dignity, loss of enjoyment of life. These losses are continuing and will continue in the future.

140.    Plaintiff KAREN J. MELENDEZ has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff KAREN J. MELENDEZ respectfully requests that this Court order the following.

A. Grant a permanent injunction enjoining Defendant RESIDENCES AT 107 AVE., its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in further discriminatory and retaliatory practice in violation of the FCRA, Fla. Stat. Section 760.10, (7);

B. Award Plaintiff KAREN J. MELENDEZ a judgment against the Defendant RESIDENCES AT 107 AVE. for compensatory damages as determined by the Trier of fact;

C. Award Plaintiff KAREN J. MELENDEZ restitutionary damages including back pay, front pay, liquidated damages, any "Employee Welfare Benefits" and retirement benefits for the time the Plaintiff should have worked absent Defendant's discriminatory treatment;

D. Enter Judgment for Punitive damages against Defendant RESIDENCES AT 107 AVE.;

E. Award all reasonable Attorney's fees and costs incurred in connection with this action; and any other and further relief as justice may require.

JURY TRIAL DEMAND

Plaintiff KAREN J. MELENDEZ demands a trial by jury on all issues triable as of right

by a jury.

Dated:  October 2, 2020

Respectfully submitted,

By:  **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*